UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JEREMY FISHER,                                                                                          *COMPLAINT*

                        Plaintiff,

                                                                            PLAINTIFF
         -against-                                                        DEMANDS TRIAL
                                                                              BY JURY

LONG ISLAND RAIL ROAD COMPANY,

                        Defendant.
-------------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO, PLLC respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff was employed by the defendant, LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR conductor.

2. At all times hereinafter mentioned, plaintiff was a LIRR conductor in the course and scope of his work from and for the defendant.

3.  Upon information and belief, that at all times hereinafter mentioned, defendant LIRR was a corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff, as a LIRR conductor, and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 & 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331.

## LIABILITY

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled the train yard known as the LIRR Morris Park Yard, Queens, New York.

8. Upon information and belief, at all times hereinafter mentioned, the LIRR Morris Park Yard was comprised of LIRR railroad tracks and railroad track switches for use by LIRR trains.

9. Upon information and belief, at all times hereinafter mentioned, the LIRR Morris Park Yard had walkways for use by LIRR employees.

10. Upon information and belief, at all times hereinafter mentioned, plaintiff, as part of group of LIRR employees, was in the he LIRR Morris Park Yard as assigned by the LIRR for instruction on the physical characteristics of said yard.

11. Upon information and belief, on October 9, 2020, as plaintiff was walking in single file in the middle of the group of LIRR employees, on a walkway in the LIRR Morris Park Yard, the walkway gave way, and he was caused to lose his balance, his footing, fall and sustain the injuries hereinafter set forth.

12. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

13. Upon information and belief, that the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing the walkway to become and remain unsafe, unfit for use, improperly inspected, improperly cleaned and kept clean, in failing to make safe the walkway, in causing permitting and allowing the walkway to be, become, and remain safe for expected use, causing the walkway and work place to be, become and remain perilous, and hazardous, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

## Injuries and Damages

14.  Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to back, right knee and and body parts, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, is losing, and will lose time from employment, employment earnings, and/or employment perquisites; all to plaintiff's damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and losses.

WHEREFORE, plaintiff demands judgment against the defendant in a sum to be determined at jury trial that will fairly and adequately make the plaintiff whole for said harms, injuries and losses, together with the costs and disbursements of this action.

July 26, 2022
New York, New York

FLYNN & LAURIELLO PLLC
Attorneys for Plaintiff


BY *Valerie J Lauriello*
VALERIE J. LAURIELLO
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813